**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RAMIRO GARZA,** | 1:06-cv-1620-OWW  WMW HC |
| Petitioner, | |
| vs. | **MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| **ON HABEAS CORPUS,** | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

    The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court.

Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus relief will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

In this case, Petitioner's contentions are as follows:

> Will I got into a fist fight at a program sent to by court so I need a appeal done first had attempt murder drop down to 1 year program 5 years probation 13 LID Will I got 13 years LID for a fist fight at program sent by court know I need a appeal done
> Attempt murder to a program
> court gave me got into
> a fist fight need appeal
> done. Reason late was
> not called to law library [sic]

Petitioner makes no reference to the Constitution or laws of the United States and provides no argument as to how a decision of the California Supreme Court upholding his conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). This petition therefore provides no basis for habeas corpus relief.

Further, the court notes that this petition for writ of habeas corpus is not an appeal. If

Petitioner wishes to pursue an appeal, he should do so through the state court system.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) This petition for writ of habeas corpus is DISMISSED for failure to state a claim upon which relief can be granted;

2) The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   April 19, 2007               /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE

3